IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ADVANTAGE ENGINEERS,  LLC | : CIVIL ACTION |
| **Plaintiff** | : |
| | : No. |
| v. | : |
| | : JURY TRIAL DEMANDED |
| NETWORK BUILDING AND CONSULTING | : |
| **Defendant** | : ELECTRONICALLY FILE |

## COMPLAINT

AND NOW COMES, Plaintiff, Advantage Engineers, LLC, through its undersigned

attorneys, Capozzi & Associates, P.C., and files this Complaint against Defendant Network

Building and Consulting ("Defendant") and in support thereof alleges as follows:

## THE PARTIES

1.     Advantage Engineers, LLC ("Advantage") is a Pennsylvania limited liability

corporation with a principal place of business located at 910 Century Drive, Mechanicsburg,

Pennsylvania 17055, that provides telecommunications, environmental, and geotechnical

engineering consulting services.

2.     Defendant is a Maryland limited liability corporation with a principal place of

business located at 7380 Coca Cola Drive, Suite 106, Hanover, Maryland 21076, that also

provides telecommunication engineering consulting services.

## JURISDICTION

3.    The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1332(a)(1).

4.    Advantage's cause of action against Defendant arises from the diversity of the parties and from the transactions and occurrences relating to the termination of Defendant's current employee, Phillip Burtner ("Mr. Burtner"), as a member and former employee of Advantage, located in Cumberland County, Pennsylvania.

5.    Defendant, through Mr. Burtner, has misappropriated technical files, records, reports, and documents belonging to Advantage and is unlawfully using the trade secrets contained therein to its economic benefit in Anne Arundel County, Maryland and for projects and clients located in the Middle District of Pennsylvania.

6.    The amount in controversy exceeds $75,000.00.

7.    The jurisdiction of this Court is also appropriate due to the claim arising under Federal Law.

## BACKGROUND

8.    On or about on or about November 15, 2010, Mr. Burtner, Edward Balsavage ("Mr. Balsavage"), John McGrath, Daniel Schauble, and Peter and Nessa Bresnahan, as tenants in the entireties, formed Advantage Engineers, LLC.

9.    Advantage was formed with the purpose of providing telecommunications, environmental, and geotechnical engineering consulting services to clients located in the Mid-Atlantic region of the United States.

10. Shortly after Advantage was formed, Advantage purchased certain technical files, records, reports, and documents from Mr. Burtner for use by Advantage in providing services to its clients.

11. The purchased files include, but are not limited to, technical drawings, site plans, and diagrams relating to customers of Advantage, their equipment, and facilities (hereinafter "Technical Files"), which were compiled at great effort and expense.

12. Mr. Burtner was compensated in the amount of $105,000.00 for these Technical Files and other equipment that was purchased by Advantage shortly after Advantage was formed.

13. During the intervening years, Advantage has expanded, edited, developed, and otherwise continuously modified and updated the Technical Files to ensure their accuracy and comprehensiveness for employees of Advantage to utilize while providing services to the Advamtage's clients.

14. The Technical Files allow Advantage employees to perform work more efficiently and accurately than employees of competitors who do not have ready access to the same information.

15. The Advantage company Employee Handbook requires that "no one is permitted to remove or make copies of any Advantage Engineers records, reports or documents without prior management approval. Disclosure of confidential information may lead to . . . possible legal action."

16. Mr. Burtner also agreed to maintain the confidentiality of Advantage files in his Employment Agreement and in the Advantage Engineers, LLC Limited Liability Operating Agreement.

17.     On or about February 24, 2012, Mr. Burtner's membership interest in Advantage was terminated pursuant to the Advantage Engineers, LLC Limited Liability Operating Agreement ("Operating Agreement").

18.     At that same time, Mr. Burtner's employment at Advantage was also terminated in accordance with his Advantage Engineers, LLC Employment Agreement.

19.     Upon his termination from Advantage, Mr. Burtner, without the knowledge of Advantage or authorization to do so, made electronic copies of Advantage's Technical Files.

20.     Subsequent to his separation from Advantage, Mr. Burtner became an employee of Defendant.

21.     Upon information and belief, Mr. Burtner has provided unauthorized copies of Advantage's Technical Files to Defendant and other employees of Defendant, who are now utilizing Advantage's Technical Files for Defendant's benefit.

22.     On or about June 13, 2012, counsel for Advantage wrote to Defendant and requested the return of all of Advantage's property being utilized by Defendant without authorization.

23.     Having received no response, counsel for Advantage wrote to Defendant again on or about October 26, 2012, again requesting the return and/or destruction of all copies of its Technical Files in Defendant's possession.

24.     Defendant has refused to return its unauthorized copies of Advantage's Technical Files.


## COUNT I – Violation of Pennsylvania's Trade Secrets Act

25.     Advantage incorporates the averments in the foregoing paragraphs as if fully set forth herein.

26. As an essential component of providing its services, Advantage has invested significant time and economic resources to expand, edit, develop, and otherwise continuously modify and update its Technical Files.

27. These Technical Files are trade secrets which are not generally known to others who would obtain great economic value from them.

28. Advantage's Technical Files contain trade secrets which allow Advantage to maintain an economic advantage over its competitors in the industry.

29. Advantage takes reasonable measures to protect and maintain the secrecy of the electronic versions of its Technical Files by restricting access to its confidential computer system on which this information is stored.

30. Advantage takes reasonable measures to protect and maintain the secrecy of the physical versions of its Technical Files by restricting access to office files in which this information is stored and prohibiting employees from disclosing the files to outside parties and competitors.

31. The nature of Advantage's Technical Files, and Mr. Burtner's contractual, fiduciary and ethical obligations as a member and employee of Advantage, gave rise to a duty to maintain the confidentiality of Advantage's Technical Files for Advantage's exclusive benefit.

32. Advantage's Technical Files constitute "trade secrets" under 12 Pa.C.S. §5302 in that they are comprised of information that:

    a. Derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by other persons who can obtain economic value from its disclosure or use; and

    b.  Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

33.    Defendant is a "person" as defined under 12 Pa.C.S. § 5302.

34.    Defendant has misappropriated Advantage's Technical Files and knew, or had reason to know, that these Technical Files had been acquired by improper means.

35.    Defendant misappropriated Advantage's trade secrets by:

    a.  Stealing, converting or otherwise improperly acquiring Advantage's Technical Files;

    b.  Stealing and wrongfully using Advantage's Technical Files to attempt to obtain an advantage over Advantage in a competing business.

36.    Defendant has refused to return Advantage's Technical Files.

37.    As a proximate result of the Defendant's misconduct, Advantage has incurred and will continue to incur the loss of business to NB&C with damages exceeding $1,000,000.00, which damages were foreseeable.

38.    Defendant's misappropriation constitutes an intentional act, or gross neglect of duty confirming its reckless indifference to Advantage, resulting in injury. These are sufficient to raise the presumption that Defendant was aware of the consequences of its actions. Defendant's misconduct is therefore "willful and malicious" under 12 Pa.C.S. § 5302.

39.    Pursuant to 12 PA.C.S. §§ 5304(b) and 5305, Defendant's willful and malicious misappropriation of Advantage's Technical Files compels an award of exemplary damages in an amount twice that of any monetary damage award, plus an award of reasonable attorney's fees, expenses, and costs to Advantage.

WHEREFORE, Advantage requests entry of judgment for its damages against Defendant, in excess of $1,000,000.00, which amount is to be doubled pursuant to 12 Pa.C.S. § 5304(b), plus an award of reasonable attorney's fees, expenses, and costs pursuant to 12 Pa.C.S. § 5305, and trial by jury on all damage claims.

### COUNT II – Injunctive Relief Pursuant to Pennsylvania's Trade Secrets Act

40.     Advantage incorporates the averments in the foregoing paragraphs as if fully set forth herein.

41.     Pennsylvania's Trade Secrets Act allows for the issuance of an injunction for any actual or threatened misappropriation of Trade Secrets.  12 Pa.C.S. § 5303 (a).

42.     Defendant's misappropriation requires the issuance of an injunction pursuant to 12 Pa.C.S. § 5303 to eliminate the commercial advantage that NB&C would otherwise derive from its misconduct.

WHEREFORE, pursuant to 12 Pa.C.S. § 5303, Advantage requests that this Court enter an injunction prohibiting Defendant from further use of any of Advantage's Technical Files, the return of all copies of Advantage's Technical Files to Advantage, and the destruction of all electronic versions of the Technical Files disseminated by Defendant.

**COUNT III – Violation of the Federal Computer Fraud and Abuse Act**

43.     Advantage incorporates the averments in the foregoing paragraphs as if fully set forth herein

44.     Shortly after, and/or in anticipation of his termination from Advantage, Mr. Burtner accessed Advantage's computer files, without authorization, and copied Advantage's Technical Files for use with his future employer.

45.     Defendant knew of Mr. Burtner's unauthorized access to Advantage's computers, his theft of Advantage's Technical Files, and encouraged Mr. Burtner to supply the ill-gotten files to its employees who, along with Mr. Burtner, then utilized those files to Defendant's direct benefit.

46.     The misconduct of Defendant by conspiring with Mr. Burtner to gain a competitive advantage against Advantage by using these Technical Files is actionable under the Computer Fraud and Abuse Act ("CFAA"), including 18 U.S.C. §§ 1030(a)(2)(C), 1030(a)(4), and 1030(b).

47.     Advantage's computer network includes integrated electronic, data processing and memory devices that perform a plethora of logical and arithmetic functions at high speeds and, as such, are "computers" within the CFAA.

48.     Advantage's computers are used in and affect interstate commerce and are necessarily and routinely used in its business and are attached to, compatible with, and work with the internet to allow its employees to access Advantage's information remotely.

49.     Mr. Burtner accessed Advantage's computer network and the data stored there with the intent to defraud Advantage.  His misconduct of unauthorized access and theft was done

in furtherance of his intended fraud and with the intent of benefiting his future employers, eventually including Defendant.

50.    Advantage's computers, accessed by Mr. Burtner without authorization, are protected computers in interstate commerce, as defined by the CFAA. Advantage's server is also an Advantage protected computer.

51.    Defendant used and continues to use Advantage's Technical Files and uses the information stolen from Advantage's computers in interstate commerce.

52.    Advantage has incurred over $1,000,000.00 in lost work and contracts due to Defendant's use of the stolen Technical Files in securing contracts for itself that Defendant would not have been able to secure without the benefit of Advantage's Technical Files.

53.    Defendant's intentional, continued use of the Technical Files gained through unauthorized access to Advantage's protected computers, has caused damages to Advantage during the last one-year period aggregating significantly more than $5,000.00 in value.

54.    Advantage's losses and damages continue because the information and trade secrets contained in the Technical Files is no longer exclusively available to Advantage, and are being utilized by Defendant in a competing business.

55.    Defendant's unlawful misconduct violates the CFAA including 18 U.S.C. §§ 1030(a)(2)(C), 1030(a)(4), and 1030(b).

56.    As a direct result of this continuing violation of the CFAA, Defendant is using items of substantial value in furtherance of its fraudulent scheme, tortious interference with prospective contracts, and conversion.

57.    Advantage has stated a clear right to relief.

58.     Advantage faces imminent irreparable harm from the Technical Files that were stolen during the unauthorized access of its protected computers.

59.     Advantage has no adequate remedy at law to compensate it for the ongoing criminal and civil misconduct of Defendant and its agent, Mr. Burtner.

60.     Defendant continues to violate the CFAA on an ongoing basis.

WHEREFORE, Advantage demands an injunction against Defendant to prevent it from further benefiting in any manner from the unauthorized access to Advantage's computers and information, and the theft of its confidential and proprietary information, work product, and Technical Files, including, but not limited to, the immediate return or destruction of all of Advantage's Technical Files in Defendant's possession, and for judgment against Defendant for compensatory damages in excess of $1,000,000.00, attorney's fees, interest, costs and such further relief as this Court deems appropriate.

## COUNT IV – Tortious Interference With Prospective Business Relationships

61.     Advantage incorporates the averments in the foregoing paragraphs as if fully set forth herein.

62.     Prior to Defendant's unauthorized use of the Technical Files, Advantage had the prospect of continued future business relations with various customers and clients.

63.     Defendant intentionally and improperly interfered with Advantage's prospective business relations by conspiring with Mr. Burtner to secure for itself and its competing business the benefits Advantage had previously obtained through exclusive use of its Technical Files.

64.     Defendant has utilized the benefit of Advantage's Technical Files and secured Advantage's prospective business relationships for itself

65.     Defendant's use of Advantage's Technical Files in business relationships with Advantage's customers and clients for prospective contracts is not justified or privileged, but is intended to benefit Defendant and its competing business to the detriment of Advantage.

66.     But for Defendant's interference, Advantage was reasonably likely to have had additional and greater business relationships with its customers and clients.

67.     Advantage has suffered actual legal damages in excess of $1,000,000.00 as a result of Defendant's conduct.

68.     Defendant's on-going misconduct and misuse, of Advantage's Technical Files is intentionally malicious, willful, wanton, and outrageous, entitling Advantage to punitive damages against Defendant.


WHEREFORE, Advantage demands immediate injunctive relief and judgment against Defendant for compensatory damages in excess of $1,000,000.00, plus interest and costs, punitive damages and such further relief as this Court deems appropriate.


## COUNT V – Conversion

69.     Advantage incorporates the averments in the foregoing paragraphs as if fully set forth herein.

70.     Defendant interfered with Advantage's right to exclusive use of the Technical Files Advantage had purchased, edited, developed, and otherwise continuously modified and updated.

71.     Defendant lacks lawful justification for its use of Advantage's Technical Files.

72.     Defendant has converted, stolen, or otherwise taken Advantage's property.

73.     Defendant conversion is willful, wanton, and intended to inflict malicious injury upon Advantage.

74.     Defendant's conversion has resulted in ongoing losses in excess of $1,00,000.00 and Advantage is entitled to punitive damages for this malicious conduct.

WHEREFORE, Advantage respectfully demands judgment against Defendant in excess of $1,00,000.00, plus punitive damages, together with court costs and interest, and any other further relief which this Court deems just and proper in light of Defendant's conversion.

## COUNT VI –Injunctive Relief

75.     Advantage incorporates the averments in the foregoing paragraphs as if fully set forth herein.

76.     Advantage is suffering irreparable harm and is without an adequate remedy at law to recover for NB&C's misconduct as described in above.

77.     Accordingly, Advantage is entitled to immediate and permanent equitable relief, prohibiting Defendant from further use of Advantage's Technical Files, the return of the Technical Files to Advantage, and the destruction of any unauthorized copies of the Technical Files disseminated by Defendant.

WHEREFORE, Advantage requests that this Court enter an injunction prohibiting Defendant from further use of any of Advantage's Technical Files, the return of all copies of

Advantage's Technical Files to Advantage, and the destruction of all electronic versions of the

Technical Files disseminated by Defendant.

Respectfully Submitted,
**CAPOZZI & ASSOCIATES, P.C.**

Date: _11/13/2_          By: _____

Donald R. Reavey, Esquire
Attorney ID No. 82498
Brandon S. Williams, Esquire
Attorney ID No. 200713
P.O. Box 5866
Harrisburg, PA 17110
(717) 233-4101
Attorney for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ADVANTAGE ENGINEERS, LLC : CIVIL ACTION
          **Plaintiff** :
           : No.
v. :
           : JURY TRIAL DEMANDED
NETWORK BUILDING AND CONSULTING :
          **Defendant** :ELECTRONICALLY FILE

### VERIFICATION

I, Edward Balsavage, Chief Executive Officer of the Plaintiff, Advantage Engineers, LLC, do hereby declare as follows:

1. I am the Chief Executive Officer of Plaintiff, Advantage Engineers, LLC, having served in that capacity since 2010.

2. I have personal knowledge of the facts about Advantage Engineers, LLC and its activities set forth in the foregoing Complaint and if called on to testify as to these matters would do so competently.

3. I verify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date: 11/13/12

                                      Edward Balsavage, Chief Executive Officer